IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Charles Holmes,        ) | No. CV 07-0860-PHX-JAT (ECV) |
| Petitioner,        ) | **REPORT AND RECOMMENDATION** |
| vs.        ) | |
| Baca, et al.,        ) | |
| Respondents.        ) | |

TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

## BACKGROUND

Petitioner John Charles Holmes has filed a *pro se* Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. #7. Following a jury trial in Maricopa County Superior Court in October 2004, Petitioner was convicted of one count of Theft of Means of Transportation, a Class 3 Felony under Arizona law. Doc. #13, Exh. G, H. On December 17, 2004, Petitioner was sentenced to 7.5 years in prison for the conviction, which was the minimum sentence allowed given Petitioner's two prior felony convictions. Doc. #13, Exh. C at 4-5, Exh. I.

Petitioner appealed, and on April 17, 2006, through counsel, filed an Opening Brief in the Arizona Court of Appeals. Doc. #13, Exh. J. Petitioner raised three claims in his direct appeal, challenging the trial court's failure to give a lesser-included offense instruction, the trial court's denial of the motion for judgment of acquittal, and the trial court's failure to

1  follow through with a special order enabling Petitioner to seek relief from the Board of
2  Executive Clemency. Id. On November 16, 2006, in a Memorandum Decision, the Court
3  of Appeals affirmed the conviction and sentence but remanded the case to the trial court to
4  clarify whether the court intended to issue the special order regarding clemency. Doc. #13,
5  Exh. L. Petitioner then filed a Petition for Review in the Arizona Supreme Court. Doc. #13,
6  Exh. M. The Court denied the Petition on April 12, 2007. Doc. #13, Exh. N. The trial court
7  subsequently issued a Minute Entry on October 17, 2007, finding that a commutation of the
8  sentence is appropriate. Doc. #13, Exh. O. A review of the Arizona Department of
9  Corrections website shows that Petitioner is still in custody. However, it appears that
10 following a hearing in March 2008, commutation was recommended to the Governor, though
11 no action has been taken. Petitioner did not file a petition for post-conviction relief after his
12 direct appeal proceedings concluded.

13       On April 25, 2007, Petitioner filed a habeas petition in this court. Doc. #1. On
14 September 17, 2007, he filed an amended petition. Doc. #7. Petitioner alleges four grounds
15 for relief: 1) that the Sixth Amendment right to due process was violated when the trial court
16 failed to provide a lesser-included offense instruction for unlawful use of means of
17 transportation; 2) that the Sixth Amendment right to a fair trial was violated when the jury
18 received no instructions regarding the lesser-included offense of unlawful use of means of
19 transportation; 3) that the Sixth and Fourteenth Amendments were violated when the jury
20 was not allowed to find the aggravating facts that increased the sentencing range; and 4) that
21 Petitioner's sentence was excessive in violation of the Eighth Amendment. Doc. #7. The
22 court screened the petition and directed Respondents to file an answer. Doc. #8.
23 Respondents filed an Answer to Petition for Writ of Habeas Corpus on January 4, 2008.
24 Doc. #13. Despite being told of the opportunity to submit a reply, Petitioner has not filed
25 one.
26 ///
27 ///
28 ///

**DISCUSSION**

Respondents contend in their answer that Petitioner has procedurally defaulted on his four grounds for relief by failing to exhaust his state court remedies. Having failed to file a reply, Petitioner has not addressed the procedural default issue.

**A.     Procedural Default Legal Standards**

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. Bland v. Cal. Dep't of Corrections, 20 F.3d 1469, 1472-73 (9th Cir.1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); Tamalini v. Stewart, 249 F.3d 895, 898-99 (9th Cir. 2001). "Our rule is that a state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended on other grounds, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

1       If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. See Rose v. Lundy, 455 U.S. 509, 519-20 (1982); Harris v. Reed, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are still available in state court, the federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. Id. However, if the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted. Teague v. Lane, 489 U.S. 288, 298-99 (1989); see also Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002) (a defendant's claim is procedurally defaulted when it is clear that the state court would hold the claim procedurally barred). The federal court will not consider these claims unless the petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. See Dretke v. Haley, 124 S.Ct. 1847, 1851-52 (2004); Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Murray v. Carrier, 477 U.S. 478, 495-96 (1986).

**B.    Application**

Petitioner's claims in ground one and two allege federal constitutional violations resulting from the trial court's failure to give a lesser-included offense instruction. Although Petitioner raised a related claim in his direct appeal, he did not raise it as a federal constitutional claim. In his opening brief on direct appeal, Petitioner argued that the trial court committed fundamental error under state law when it failed to give a lesser-included offense instruction for unlawful use of means of transportation. Doc. #13, Exh. J at 7-10. Petitioner argued the issue strictly as a violation of state law. Id. Nowhere in his argument does he allege a violation of the Sixth Amendment or any provision of the federal Constitution. Petitioner also failed to allege a federal constitutional claim in his petition for review to the Arizona Supreme Court. Doc. #13, Exh. M. Petitioner therefore has failed to exhaust the claims he now raises in ground one and two.

With regard to the claims in grounds three and four, Petitioner raised neither claim, or even a related claim, in the opening brief of his direct appeal. Doc. #13, Exh. J. Nor did

- 4 -

he raise the claims in his petition for review to the Arizona Supreme Court. Doc. #13, Exh. M. Petitioner has therefore failed to exhaust his claims in ground three and four.

By failing to fairly present his claims in grounds one, two, three and four in the state court, Petitioner has failed to exhaust his state court remedies. Moreover, Petitioner would no longer have a remedy if he returned to the state court.[1] As a result, his claims are procedurally defaulted. Having failed to file a reply, Petitioner has not alleged cause for the default and actual prejudice, nor has he shown a miscarriage of justice to overcome the procedural default. The court will therefore recommend that these grounds for relief be denied.

## C.   Conclusion

Having determined that all four grounds for relief alleged by Petitioner are procedurally defaulted, the court will recommend that the amended petition be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED:**

That the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #7) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114,

---

[1] The time has passed to seek post-conviction relief in state court under Rule 32.4(a) of the Arizona Rules of Criminal Procedure and Petitioner has not shown that any of the exceptions to the time limits under Rule 32.1(d), (e), (f), (g) or (h) apply to him.

1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 26th day of June, 2008.

*Edward C. Voss*
United States Magistrate Judge